UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
HISCOX INSURANCE COMPANY INC.,

                  Plaintiff,                  Civil Action No.: 25-cv-3659

    -against-

                                  **COMPLAINT**

JRA MARBLE AND CONSTRUCTION LLC, 111
WEST 57TH PROPERTY OWNER LLC, JDS
CONSTRUCTION GROUP LLC, JRA MARBLE
& GRANITE CORPORATION, and JRA MARBLE
AND CONSTRUCTION CORP.

                  Defendants,

      AND

RITA MAYLENY RODRIGUEZ COTRINA,

                  Nominal Defendant.
-----------------------------------------------------------------X

        Plaintiff Hiscox Insurance Company Inc. ("Hiscox"), by and through its undersigned counsel, Kennedys CMK LLP, and in support thereof, states and alleges as follows:

        1.     This is a declaratory judgment action, brought pursuant to 28 U.S.C. § 2201, in which Hiscox seeks a judgment that there is no coverage available to any Defendant with respect to an underlying personal injury action filed by Nominal Defendant, Rita Mayleny Rodriguez Cotrina ("Underlying Plaintiff"), in New York Supreme Court, Bronx County, Index No. 812844/2023E (the "Underlying Action").

        2.     Hiscox has attempted to contact its named insured, Defendant JRA Marble and Construction LLC ("JRA LLC"), to obtain even the most basic information, via every possible means, including but not limited to phone calls, emails, certified mail and in-person visits from private investigators. JRA LLC has blatantly ignored these attempts by Hiscox to avoid cooperating with Hiscox's coverage investigation, as well as in its own defense in this matter. JRA

LLC's appointed defense counsel has been unable to file an answer to the Underlying Action. As such, Hiscox is entitled to a declaration that it has properly disclaimed coverage to JRA LLC based on its failure to cooperate.

3. Hiscox is also entitled to a declaration that Defendants JRA Marble & Granite Corporation and JRA Marble and Construction Corp. are not named or additional insureds under the Hiscox Policy and are therefore not entitled to coverage from Hiscox.

4. Hiscox is also entitled to a declaration that its named insured, JRA LLC (a Florida limited liability company), is not the same JRA LLC (a New Jersey limited liability company) that contracted with JDS Construction Group LLC ("JDS") or that purportedly employed Underlying Plaintiff, and therefore the JRA LLC named as a third-party defendant in the Underlying Action is not an insured under the Hiscox Policy.

5. Hiscox is also entitled to a declaration that, to the extent its named insured JRA LLC faces liability to any party in this matter, the Injury to Employees, Contractors and Employees of Contractors exclusion applies to preclude coverage to any insured or purported insured with respect to this matter.

## PARTIES

6. Plaintiff Hiscox is an Illinois corporation with its domicile and principal place of business in Chicago, Illinois.

7. Defendant JRA LLC is a domestic corporation duly organized and operating under the laws of the State of Florida with its principal place of business in Florida. Juan Rodriguez is the sole member of JRA LLC, and Mr. Rodriguez is an individual citizen of the State of New Jersey.

8. Defendant 111 West 57th Property Owner LLC is a limited liability company organized under the laws of the State of Delaware, with its principal place of business in New York.

9. Defendant JDS Construction Group LLC is a limited liability company organized under the laws of the State of New York, with its principal place of business in New York. On information and belief, all members are New York residents.

10. Defendant JRA Marble & Granite Corporation is a domestic corporation duly organized and operating under the laws of the State of New York with its principal place of business in New York.

11. Defendant JRA Marble and Construction Corp. is a domestic corporation duly organized and operating under the laws of the State of New York with its principal place of business in New York.

12. Nominal Defendant/Underlying Plaintiff Rita Mayleny Rodriguez Cotrina is an individual citizen of the State of New York, who resides in the County of Bronx.

13. Nominal Defendant is joined to this action solely as the interested party over whom this Court has personal jurisdiction so that complete declaratory relief may be afforded to all parties who may potentially be affected.

## JURISDICTION AND VENUE

14. An actual justiciable controversy exists among the parties as to the scope and nature of the obligations of Hiscox to Defendants under the insurance policy that Hiscox issued to JRA LLC.

15. This Court has subject matter jurisdiction over this civil lawsuit under 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of costs.

16. Venue is proper under 28 U.S.C. § 1391 because the Underlying Action is venued in this District.

## THE UNDERLYING ACTION

17. This matter arises out of an underlying New York Labor Law lawsuit, captioned *Rita Mayleny Rodriguez Cotrina v. Dartom Cabinetry Corp., 111 West 57th Property Owner LLC, Glendale Electrical Contracting Inc., JDS Development Group LLC*, *and JDS Construction Group LLC,* in the Supreme Court of the State of New York, County of Bronx, Index No. 812844/2023E (the "Underlying Action"). "). A copy of the complaint in the Underlying Action is annexed hereto as **Exhibit A.**

18. In the Underlying Action, Underlying Plaintiff seeks damages for alleged violations of New York Labor Law § 200, § 240, and § 241(6) and Rule 23 of New York's Industrial Code at 111 West 57th Street, New York, NY 10019 (the "Premises") for alleged injuries sustained when she was hit by a falling object working at the Premises on or about June 9, 2023.

19. Underlying Plaintiff claims to have been employed by JRA Marble and Construction Corp.

20. Underlying Plaintiff claims to have been employed by JRA Marble & Granite Corporation.

21. Underlying Plaintiff claims to have been employed by JRA LLC.

22. JDS entered into at least three relevant contracts for certain work at the Premises as follows:

   a. A May 1, 2015 Contract for Painting work at the Premises between JDS and JRA Marble & Granite Corporation at an address of 279 Plateau Avenue, Fort Lee, New Jersey, Federal ID No. XX-XXX0034. A copy of this Contract is annexed hereto as **Exhibit B.**

   b. A September 12, 2019 Contract for Lobby Special Paint and Plaster work at the Premises between JDS and JRA Marble & Construction Corp. at an address of 4198

4

Forley St. 4B, Elmhurst, New York, Federal ID No. XX-XXX0034. A copy of this Contract is annexed hereto as **Exhibit C.**

c. A March 24, 2023 Contract for Tower Unit Punchlist work at the Premises between JDS and JRA LLC at an address of 615 Jones Road, Edgewood, New Jersey, Federal ID No. XX-XXX0034. A copy of this Contract is annexed hereto as **Exhibit D.**

23. JDS and 111 West 57th Property Owner LLC ("Owner") have filed third party actions in the Underlying Action against JRA LLC, JRA Marble & Granite Corporation and JRA Marble & Construction Corp.

24. Owner and JDS have sought coverage as additional insureds from Hiscox for the Underlying Action.

## **THE HISCOX POLICY**

25. Hiscox issued a commercial general liability insurance policy to JRA LLC, policy number P100.686.417.5 for the policy period October 25, 2022 to October 25, 2023 (the "Hiscox Policy"). A copy of the Hiscox Policy is annexed hereto as **Exhibit E**.

26. When applying for the Hiscox Policy, JRA LLC listed its address as: 11356 S. Orange Blossom Trail, Orlando, Florida.

27. Hiscox issued the Hiscox Policy to JRA LLC at its Florida address.

28. Hiscox's named insured, JRA LLC, is a registered domestic Florida limited liability company, with Federal ID No. XX-0000810.

29. The Hiscox Policy includes the following endorsement:

In consideration of the premium charged, and on the understanding this endorsement leaves all other terms, conditions, and exclusions unchanged, it is agreed this endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

I. **What is covered**

5

This insurance applies only to "bodily injury, "property damage", and/or "personal and advertising injury", that is caused by or results from the performance of the specified business operations described in the insured's application for this policy. It is further agreed the application for this policy is deemed a part of and attached to this policy.

II.   **Exclusions - What is not covered**

A.   **Bodily Injury and Property Damage Exclusions**

The following exclusions are added to SECTION I – COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2. Exclusions.

This insurance does not apply to, and we will have no duty to investigate, adjust or defend, or to pay any investigation, adjustment or defense costs, including attorney's fees, to defend any insured against any claim or "suit" alleging damages arising out of or related to "bodily injury" or "property damage" to which any of the below exclusions apply.

These exclusions will apply to any operations that occur prior to the inception of the policy, during this policy period, or prior to the inception of the policy and continuing throughout the policy period.

**Injury to Employees, Contractors, and Employees of Contractors**

"Bodily injury" to:

(1) any "employee" of any insured; or

(2) any person(s) who provides services directly or indirectly to or for any insured, regardless of where the services are performed or where the "bodily injury" occurs, including but not limited to a "leased worker", a "temporary worker", a "volunteer worker", a statutory employee, a casual worker, a seasonal worker, a contractor, a subcontractor, an independent contractor, or any person(s) hired by, loaned to, employed by, or contracted by any insured or any insured's contractor, subcontractor, or independent contractor,

arising out of and in the course of the employment or retention by or for any insured or the performance of any duties related to the conduct of any insured's business; or

(3) the spouse, child, parent, brother, or sister of any such person(s) described in parts (1) and (2) above, as a consequence of the above, including but not limited to mental anguish, emotional distress, loss of consortium, loss of companionship, loss of guidance, loss of emotional support, and any similar injury or damage.

This exclusion applies whether any insured may be liable as an employer or in any other capacity and to any obligation to indemnify or contribute or share damages with someone else who must pay damages because of the injury.

30. The Hiscox Policy includes the following condition:

**Duties In The Event of Occurrence, Offense, Claim Or Suit**…

**c.** You and any other involved insured must:

(1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

(2) Authorize us to obtain records and other information;

(3) Cooperate with us in the investigation, or settlement of the claim or defense against the "suit"; and

(4) Assist us, upon our request, in the enforcement of any right against any person or organization that may be liable to the insured because of injury or damage to which this insurance may also apply.

## **RESERVATION OF RIGHTS AND INVESTIGATION**

31. On November 20, 2024, after JRA LLC's principal confirmed in an email that Underlying Plaintiff was a "JRA Marble" employee, Hiscox denied coverage to JRA LLC, citing to the Injury to Employees, Contractors, and Employees of Contractors Exclusion.

32. Hiscox has also disclaimed coverage to Owner and JDS.

33. Thereafter, Hiscox learned that Underlying Plaintiff was expressly alleging to have been employed by JRA Marble and Construction Corp., rather than JRA LLC.

34. As such, by way of a letter dated February 20, 2025, Hiscox agreed to defend JRA LLC, subject to a reservation of rights, based on the fact that Underlying Plaintiff may not have been JRA LLC's employee.

35. Defense counsel and/or Hiscox attempted to contact JRA LLC by phone and email to obtain information necessary to file an answer in the Underlying Action on a near daily basis, including but not limited to February 24, 25, 28, March 4 and 6.

36. On March 6, 2025, Hiscox sent a supplemental coverage letter to JRA LLC via email and certified mail to three different addresses, seeking additional information and cooperation.

37. Hiscox retained a private investigator to locate JRA LLC, and the investigator made in-person attempts to contact JRA LLC's principal in both New Jersey and Florida in March 2025 on multiple occasions.

38. JRA LLC's principal has only responded to the multiple attempts to locate him one time, by voicemail to state he is outside the country, and gave no additional information to defense counsel.

39. All subsequent attempts to reach JRA LLC have been ignored.

40. Defense counsel is unable to file any responsive pleading on behalf of JRA LLC based on JRA LLC's failure to cooperate.

41. On April 22, 2025, Hiscox denied coverage to JRA LLC based on its failure to cooperate.

### AS AND FOR A FIRST CAUSE OF ACTION
### FOR DECLARATORY RELIEF (FAILURE TO COOPERATE)

42. Hiscox repeats, reiterates, and realleges each and every allegation of the preceding paragraphs as if set forth herein, verbatim and fully at length.

43. JRA LLC is in violation of the Hiscox Policy as it has repeatedly failed to cooperate with Hiscox's investigation and defense of the claim.

44. Hiscox has or is very likely to suffer prejudice as a result of JRA LLC's failure to cooperate, as it has been unable to evaluate all of its coverage defenses and as its counsel has been unable to file any responsive pleading on JRA LLC's behalf.

45. Hiscox is entitled to deny coverage under the Hiscox Policy based on JRA LLC's willful and purposeful failure to cooperate in accordance with the terms of the Policy.

46. Hiscox is entitled to a declaration that Hiscox has no obligation to defend or indemnify JRA LLC in connection with the Underlying Action.

47. As a result of JRA LLC's conduct, Hiscox has been injured and has no adequate remedy at law.

**AS AND FOR A SECOND CAUSE OF ACTION
FOR DECLARATORY RELIEF (NAMED INSURED – JRA MARBLE &
GRANITE CORPORATION AND JRA MARBLE AND CONSTRUCTION CORP.)**

48. Hiscox repeats, reiterates, and realleges each and every allegation of the preceding paragraphs as if set forth herein, verbatim and fully at length.

49. The Hiscox Policy was issued to JRA LLC.

50. The Hiscox Policy does not list any other entity or organization as a named insured.

51. Hiscox does not insure JRA Marble & Granite Corporation.

52. Hiscox does not insure JRA Marble and Construction Corp.

53. Hiscox is entitled to a declaration that Hiscox has no obligation to defend or indemnify JRA Marble & Granite Corporation or JRA Marble and Construction Corp. in connection with the Underlying Action, as neither entity is an insured.

**AS AND FOR A THIRD CAUSE OF ACTION
FOR DECLARATORY RELIEF (JRA LLC)**

54. Hiscox repeats, reiterates, and realleges each and every allegation of the preceding paragraphs as if set forth herein, verbatim and fully at length.

55. The Hiscox Policy was issued to JRA LLC at a Florida address.

56. JRA LLC is a Florida domestic limited liability company.

57. Another company with an identical name to the named insured, JRA LLC, is a New Jersey domestic limited liability company.

58. The Florida JRA LLC and the New Jersey JRA LLC have different Federal ID numbers.

59. Hiscox does not insure the New Jersey JRA LLC.

60. It is the New Jersey JRA LLC, and not the Florida JRA LLC, which entered into any contract to perform work at the Premises.

61. It is the New Jersey JRA LLC, and not the Florida JRA LLC, which is named as a party to the Underlying Action.

62. Hiscox is entitled to a declaration that Hiscox has no obligation to defend or indemnify JRA LLC in connection with the Underlying Action, as this New Jersey entity is not an insured.

### AS AND FOR A FOURTH CAUSE OF ACTION
### FOR DECLARATORY RELIEF (INJURY TO EMPLOYEES EXCLUSION)

63. Hiscox repeats, reiterates, and realleges each and every allegation of the preceding paragraphs as if set forth herein, verbatim and fully at length.

64. The Hiscox Policy includes an exclusion that states that there is no coverage available for any bodily injury to an employee of any insured.

65. Even if Hiscox's named insured JRA LLC was correctly named to the Underlying Action, and even if JRA LLC was Underlying Plaintiff's employer such that it may potentially have caused Underlying Plaintiff's accident in whole or in part, this exclusion applies to preclude coverage to all potential insureds.

66. Hiscox is entitled to a declaration that Hiscox has no obligation to defend or indemnify JRA LLC in connection with the Underlying Action, as it is not an insured.

**WHEREFORE**, Plaintiff requests that this Honorable Court enter judgment:

a) Declaring that the Hiscox is not required to provide a defense or indemnification in the Underlying Action based on JRA LLC's breach of the cooperation condition;

b) Declaring that JRA Marble & Granite Corporation and JRA Marble and Construction Corp. are not insureds and are not entitled to coverage from Hiscox for the Underlying Action;

c) Declaring that the JRA LLC named in the Underlying Action is not Hiscox's insured and is therefore not entitled to coverage from Hiscox for the Underlying Action;

d) Declaring that the Injury to Employees Exclusion applies to preclude coverage to any purported insured for the Underlying Action;

e) Awarding damages to Hiscox as this Honorable Court deems just and equitable; and

f) Providing such other and further relief as this Honorable Court deems just and equitable.

Dated: New York, New York
May 1, 2025

                                        KENNEDYS CMK LLP

By: /s/ Laura. B. Dowgin
Laura B. Dowgin, Esq.
*Attorneys for Plaintiff*
*Hiscox Insurance Company, Inc.*
22 Vanderbilt Ave. Suite 2400
New York, New York 10017
T: (845) 422-9850
laura.dowgin@kennedyslaw.com