USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/13/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HISCOX INSURANCE COMPANY INC.,

          Plaintiff,

-against-

JRA MARBLE AND CONSTRUCTION LLC, 111 WEST 57TH PROPERTY OWNER LLC, JDS CONSTRUCTION GROUP LLC, JRA MARBLE & GRANITE CORPORATION, and JRA MARBLE AND CONSTRUCTION CORP.,

          Defendants,

  AND

RITA MAYLENY RODRIGUEZ COTRINA,

          Nominal Defendant.

1:25-cv-03659-MKV

ORDER DENYING MOTION
FOR DEFAULT JUDGMENT
AS MOOT

MARY KAY VYSKOCIL, United States District Judge:

On May 1, 2025, Plaintiff initiated this case by filing a complaint. [ECF No. 1 ("Compl.")]. Thereafter, Plaintiff moved for default judgment against Defendants JRA Marble and Construction LLC, JRA Marble & Granite Corporation and JRA Marble and Construction Corp. (collectively "JRA Defendants"). [ECF Nos. 48, 57]. As required, Plaintiff requested, and the Clerk of Court thereafter entered, certificates of default against each JRA Defendant for their failure to answer or otherwise move with respect to the originally filed complaint. [ECF Nos. 36, 37, 47]. Thereafter, on October 22, 2025, Plaintiff filed an Amended Complaint that cured the deficient jurisdictional allegations in the original complaint but did not assert any new claims. [ECF No. 78]. Plaintiff was not required to serve the Amended Complaint on defaulting JRA Defendants because JRA Defendants had failed to appear, and Plaintiff asserted no new claims in the Amended Complaint. *See* Fed R. Civ. P. 5(a)(2). Thus, the Amended Complaint became the operative complaint upon filing and mooted the Clerk's entries of default, which were based on the prior complaint, against

each JRA Defendant. *See Bloise v. Q4 Generational Wealth, Inc.*, No. 22 CIV. 10488 (JHR) (SDA), 2023 WL 11844291, at *1 (S.D.N.Y. Oct. 23, 2023); *see also Allstate Ins. Co. v. Yadgarov*, 11 Civ. 6187 (PKC), 2014 WL 860019, at *8 (E.D.N.Y. Mar. 5, 2014).  Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for default judgment against JRA Defendants is DENIED as MOOT.  Plaintiff may renew its motion for default judgment as to JRA Defendants after obtaining an entry of default against each JRA Defendant as to the Amended Complaint.

The Court further notes that Plaintiff's now-mooted motion for default judgment sought declaratory relief that Plaintiff "is not required to provide a defense or indemnification to any Defendant with respect to the Underlying Action[.]" [ECF No. 60 at 2; *see also* ECF No. 57 (seeking an order that Plaintiff "is not required to provide a defense or indemnification in the Underlying Action" and that Plaintiff "is entitled to reimbursement of all defense costs incurred to date in defending the Underlying Action")].  Such requested relief appears to prejudice, if not foreclose, the relief sought by the actively litigating Defendants/Counterclaimants 111 West 57th Property Owner LLC and JDS Construction Group LLC.  *See Knowles-Carter v. Feyonce, Inc.*, No. 16-CV-2532 (AJN), 2017 WL 11567528, at *5 (S.D.N.Y. Sept. 23, 2017) ("[D]efault judgment cannot be issued where the relief requested would prejudice actively litigating defendants.").  Accordingly, IT IS FURTHER ORDERED that, if Plaintiff renews its request for default judgment against JRA Defendants, Plaintiff, in a separate letter filed concurrently with its renewed motion for default judgment, shall show cause why an award of default judgment against JRA Defendants granting Plaintiff their sought-after relief would not prejudice the actively litigating Defendants in this case.

**The parties are on notice that failure to comply with court orders and the Federal Rules of Civil Procedure, the Local Rules, and this Court's Individual Rules of Practice in**

**Civil Cases may result in sanctions, including: monetary sanctions on counsel and the parties; preclusion of claims, defenses, evidence, and motion practice; and the case-terminating sanctions of dismissal for failure to prosecute and default judgment.**

The Clerk of Court is respectfully requested to terminate docket entries 48 and 57.

**SO ORDERED.**

**Date:  November 13, 2025**
**New York, NY**

_____
MARY KAY VYSKOCIL
United States District Judge